UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| CUMULUS RADIO CORPORATION f/k/a CITADEL BROADCASTING CO., <br><br> Plaintiff, <br><br> v. <br><br> JOSEPH OLSON and ALPHA MEDIA LLC, <br> Defendants. | Case No. 15-cv-1067 |

# O R D E R  &  O P I N I O N

This matter is before the Court on Defendants' Second Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 58), and Plaintiff's oral motion to voluntarily dismiss claims against Defendant Alpha Media LLC ("Alpha Media"). In their motion, Defendants renew their argument that there is not complete diversity in this action because Alpha Media and Plaintiff Cumulus Radio Corporation are both citizens of Georgia for the purposes of 28 U.S.C. § 1332. At a status hearing in which this motion was discussed, Plaintiff moved to voluntarily dismiss without prejudice Alpha Media. The Court indicated it would do so, but reserved consideration on whether any conditions would attach to the voluntary dismissal.

### BACKGROUND

Alpha Media is a limited liability company. As explained in the Court's Order and Opinion denying Defendants' First Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 55), limited liability companies take on the citizenship of their members for the purpose of diversity jurisdiction. Things get complicated

when, as here, a limited liability company has other limited liability companies as members. "The citizenship of a limited liability company is that of its members, and its members may include partnerships, corporations, and other entities that have multiple citizenships." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006) (citation omitted). When an LLC is made up of other entities that have multiple citizenships, "[a] federal court . . . needs to know each member's citizenship, and if necessary each member's members' citizenships." *Id.* at 348.

In support of its second motion to dismiss, Alpha Media filed a declaration that lends support to the idea that it is a citizen of Georgia. (*See* Decl. of Jackson Farrow, Jr., Doc. 59-3, at 9-10). The declaration claims that (1) five men who are citizens of Georgia are members of Stephens Investment Partners 2014 LLC, (2) which is a member of SIA Radio, LLC, (3) which is a member of Stephens Radio LLC, (4) which is a member of Alpha Media Holdings LLC, (5) which is the sole member of Alpha Media. (*See id.*). If all of this is true, the Georgia citizenship of the five members of Stephens Investment Partners 2014 LLC is imputed to Alpha Media. *See Hicklin Eg'g, L.C.*, 439 F.3d at 347-48.

Defendants filed the pending Motion to Dismiss two days ago, on March 11, 2015. The matter is set for a trial on the merits and a hearing on a preliminary injunction today. Today also happens to be the day on which the temporary restraining order that the Court entered on February 13, 2015 (Doc. 11) is set to expire.

The Court addressed questions raised by this pending Motion during a Status Hearing held at 10:30 a.m. on March 12, 2015. Plaintiff objected to the declaration

2

as solely containing a legal conclusion, and initially requested additional discovery on the question of subject-matter jurisdiction. It suggested that Alpha Media's public filings with the Federal Communications Commission call into question whether SIA Radio, LLC is actually a member of Stephens Radio, LLC. If there is, in fact, such a break in the chain of membership, the citizenship of the five Georgians would make it no further than SIA Radio, LLC and would not make it up to Alpha Media Holdings LLC or Alpha Media.

The Court informed the parties that it would not hold a trial on the merits or hear a motion for a preliminary injunction until it resolved the issue of subject-matter jurisdiction. It further informed the parties that the temporary restraining order that it issued against Defendant Joseph Olson would expire today.

Plaintiff then moved, pursuant to Federal Rule of Civil Procedure 41(a)(2), to dismiss without prejudice Alpha Media from the action, and to therefore also dismiss Count II of the Complaint without prejudice. The Court granted Plaintiff's motion over Defendant's objection. Defendant argued that it had expended considerable amounts of money to defend the action, and requested that dismissal be contingent upon Plaintiff paying its legal costs and fees.

During the hearing, the Court instructed the parties to brief the issues of fees and costs and informed them that it would determine any conditions on Alpha Media's dismissal following the briefing. It also informed the parties that the hearing and trial scheduled for today would proceed as scheduled against Defendant Olson. At this point, the only claim remaining is a claim that Olson breached his contract with Plaintiff. Defendant Olson objected to holding the trial

3

and hearing on the ground that the Court lacked subject-matter jurisdiction over the matter because there was not a complete diversity of parties at the time the Complaint was filed.

## DISCUSSION

Two questions require decision. First, does the Court have jurisdiction to hear Plaintiff's claim against Defendant Olson? Second, what conditions, if any, will the Court impose on Plaintiff's dismissal of Alpha Media and Count II of the Complaint? Although the Court indicated to the parties that it would defer its consideration of the second question until after briefing, it determines that the question is now ripe for consideration.

### I. The Court's Jurisdiction to Hear the Claim Against Defendant Olson

First, the Court must determine whether it can proceed against Defendant Olson. Because it has dismissed Alpha Media from the action, there is no question that there is complete diversity between the remaining parties. Plaintiff is a corporation. It is incorporated in Nevada and has a principal place of business in Georgia. (*See* Ver. Compl., Doc. 1, at ¶9).Therefore, for the purposes of diversity jurisdiction, it is a citizen of both Nevada and Georgia. *See* 28 U.S.C. § 1332(c)(1). Defendant Olson is a citizen of Illinois. (*See* Doc. 1 at ¶ 10). Therefore, pursuant to 28 U.S.C. § 1332(a), the parties are diverse.

Defendants urge the Court to dismiss the entire case because there was not complete diversity of the parties at the time Plaintiff filed the Verified Complaint. Plaintiff rightfully points out that the Court has not determined that there was not complete diversity at the time Plaintiff filed the Complaint. However, for the sake of

this Motion, the Court will simply assume that Plaintiff and Alpha Media are not completely diverse.

As a rule, "[t]he existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830 (1989). This rule comes with a corollary: "if diversity of citizenship did not exist when the action was commenced, it cannot be created by a later change of domicile by one of the parties or some other event." *Wire v. Hussman*, No. 03 C 5389, 2004 WL 723845, at *3 (N.D. Ill. Mar. 31, 2004) (quoting 13B Wright, Miller & Cooper, Fed. Practice and Procedure § 3608 (2d ed. 1984)).

However, there is a long-established exception to the time-of-filing rule: jurisdictional defects can be "cured by the dismissal of the party that ha[s] destroyed diversity." *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 572 (2004). So, for example, in *Caterpillar Inc. v. Lewis*, 519 U.S. 61 (1996), the Supreme Court considered whether "the absence of complete diversity at the time of removal is fatal to federal-court adjudication." *Id.* at 64. In that case, a case filed in Kentucky state court was removed to federal court. *Id.* at 64-65. At the time of removal, there was not complete diversity between plaintiff and the defendants, but shortly after removal, the non-diverse defendant settled and was dismissed from the case. *Id.* at 65. The Court held that the absence of complete diversity at the time of removal was not fatal, as there was "complete diversity, and therefore federal subject-matter jurisdiction, at the time of trial and judgment." *Id.* at 73.

In *Wire*, where a district court allowed a claim to proceed after the dismissal of a non-diverse defendant, the court succinctly stated the principle that "the

5

jurisdictional defect of the absence of complete diversity at the time the complaint is filed is cured by the dismissal of the nondiverse party, with the qualification that a court should not dismiss an indispensable party." 2004 WL 723845, at *4.

The principal, enunciated in *Grupo Dataflux* and *Wire*, and applied in *Caterpillar* and *Wire* is applicable in this case. Here, Alpha Media is no longer a party, as the Court dismissed it pursuant to Rule 41. Furthermore, Alpha Media is not an indispensable party with respect to Plaintiff's claim against Olson, as the claim is a straightforward breach of contract claim in which Plaintiff and Olson are the only two parties. *See Wire*, 2004 WL 723845, at *4.

For these reasons, even assuming that Defendant Alpha Media destroys complete diversity, the Court concludes that it retains jurisdiction with respect to Defendant Olson because Plaintiff has voluntarily dismissed its claim against Defendant Alpha Media.

**II. Conditions Attached to Alpha Media's Dismissal**

Because Defendants have filed an Answer, Plaintiff may dismiss Count II and Alpha Media "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). It is within the "sound discretion of the district court" to dismiss an action with prejudice under Rule 41(a)(2). *F.D.I.C. v. Knostman*, 966 F.2d 1133, 1142 (7th Cir. 1992) (quoting *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 473 (7th Cir. 1988)). District courts abuse their discretion in dismissing actions without prejudice "where the defendant would suffer plain legal prejudice as a result." *Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924, 927 (7th Cir. 2007).

Courts considering whether a defendant has suffered "plain legal prejudice" should consider "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." *Kovalic*, 855 F.2d at 473-74 (quoting *Pace v. Southern Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969)).

In this case, the Court has no doubt that Defendant has spent a great deal of effort and expense in preparing for trial. *See id* at 474. However, Plaintiff has certainly not delayed or shown a lack of diligence in prosecuting the action. *See id.* Indeed, at this point, we are only little more than a month removed from when Plaintiff filed its Verified Complaint. (*See* Doc. 1, filed on Feb. 9, 2015). Further, Plaintiff has articulated a sufficient explanation for dismissing the action: Defendant provided evidence suggesting a lack of diversity between it and Plaintiff, and Plaintiff elected to pursue what it views as urgent injunctive relief and other relief against Defendant Olson rather than putting that on hold so that it could resolve the jurisdictional questions raised by Alpha Media. *See Kovalic*, 855 F.2d at 474. Finally, no motion for summary judgment has been filed by Defendant. *See id.*

The Court concludes that dismissal of Plaintiff's claim against Defendant Alpha without prejudice is appropriate, and further concludes that the parties should bear their own costs. First, none of Defendants' motions to dismiss have challenged the merits of Plaintiff's case; they have only challenged this Court's jurisdiction to hear the merits. Second, although the Court accepts at face value the fact that Alpha Media has spent a great deal of time and effort in preparing for

7

trial, Plaintiff should not have to shoulder those costs. It is true that Plaintiff improperly alleged jurisdiction in its complaint. (*See* Doc. 1 at ¶¶ 11-12). But it is also true that Alpha Media made a similar mistake, when it admitted those allegations in its first answer. (*See* Doc. 10 at ¶¶ 11-12). Had Alpha Media raised concerns related to the Court's subject-matter jurisdiction at the outset of this action, the Court could have granted parties the opportunity to engage in limited jurisdictional discovery and perhaps spared Alpha Media a great deal of the expense about which it now complains. Instead, however, Alpha Media raised its jurisdictional defense in a piecemeal way. It filed its first Motion to Dismiss on February 26, 2015. (Doc. 19). The Court subsequently denied that motion on March 10, 2015. (Doc. 55). It was not until March 11, 2015, just two days before trial, that Defendant Alpha Media filed its second Motion to Dismiss. (Doc. 58). One day later, before responding to the merits of the motion, Plaintiff requested that the Court voluntarily dismiss Alpha Media.

Moreover, it is likely that these very jurisdictional challenges would have still arisen even if Plaintiff properly alleged that Alpha Media is a limited liability company. As Plaintiff demonstrated in its response to Defendants' first Motion to Dismiss, it could have, in good faith, properly alleged that Alpha Media was diverse from it based on Alpha Media's filings with the Illinois Secretary of State. (*See* Doc. 49 at 6). Plaintiff included in its response a screenshot of the Illinois Secretary of State's website taken on March 3, 2015. (*See* Doc. 49-6 at 2-3). The screenshot includes information on Alpha Media, including a list of members, all of whom are from Portland, Oregon. (*See id.* at 3). Further, the screenshot identifies Alpha

Media as a Delaware LLC with a principal office in Portland, Oregon. (*See id*.at 2). On this basis, therefore, Plaintiff could have properly alleged that Alpha Media only had members from Oregon. (*See id*. at 2-3). Again, had Plaintiff made these allegations, Alpha Media would have been able to spare itself expense had it raised its jurisdictional defense immediately.

For these reasons, the Court concludes that it is proper to dismiss the claim against Alpha Media without prejudice, with the parties to bear their own costs. The Court no longer requires the parties to brief this issue.

## CONCLUSION

For the foregoing reasons, Plaintiff's Oral Motion to Voluntarily Dismiss Alpha Media pursuant to Federal Rule of Civil Procedure 41(a)(2) is GRANTED. Alpha Media is dismissed from the action, with the parties to bear their own costs.

In light of this, Defendants' Second Motion to Dismiss for Lack of Subject-Matter Jurisdiction (Doc. 58) is DENIED.

IT IS SO ORDERED.


Entered this 13th day of March, 2015.


                                                       s/Joe B. McDade
                                                       JOE BILLY McDADE
                                      United States Senior District Judge